IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| R. ANTHONY HUTCHINSON and, LISA HUTCHINSON, : : : Plaintiffs, : : v. : : UNITED STATES OF AMERICA, : : Defendant. : _____ | Civil Action No. No. 7:11-cv-131 (HL) |

## ORDER

Before the Court is Defendant Climatine Stacks' Motion to Dismiss (Doc. 5). For the reasons stated below, the Motion is granted.

As a general rule, the United States enjoys sovereign immunity and cannot be sued. Monzon v. U.S., 253 F.3d 567, 570 (11th Cir. 2001). However, in some circumstances, the United States waives its immunity. Id. The Federal Tort Claims Act ("FTCA") is one of those circumstances when sovereign immunity is waived and private parties are authorized to file actions against the United States for torts committed by people acting on behalf of the United States. The FTCA authorizes suits for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

However, if a plaintiff takes advantage of the waived immunity and brings an action under the FTCA, the plaintiff must seek his remedy against the United States alone. The FTCA provides that an action against the United States is the exclusive remedy for a plaintiff seeking damages resulting from the actions of a federal employee taken within the scope of his employment. *See* 28 U.S.C. § 2679(d)(1) ("… any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States … and the United States shall be substituted as the party defendant"). Thus, under § 2679(d)(1), a federal employee who is named as a defendant must be removed as a party to the action, and the United States should replace that party as the defendant.

In this case, the United States has already been named a defendant in the pending action. Therefore, in accordance with § 2679(d)(1), Climatine Stacks, a United States postal worker who was working in her official capacity at the time of the alleged incident, shall be dismissed from this action, leaving the United States as the sole defendant.

**SO ORDERED,** this 16th day of December, 2011.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr