IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

R. ANTHONY HUTCHINSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action 7:11-CV-131 (HL)

### ORDER

Before the Court is Defendant United States of America's Motion in Limine (Doc. 33). This Motion asks the Court to limit damages in this case to $150,000.00. After reviewing the Motion and accompanying briefs, the Court finds that limiting damages would be inappropriate. The Motion in Limine is denied.

This case revolves around a car wreck which occurred on November 12, 2009 between Plaintiff's vehicle and a postal vehicle driven by a United States Postal Service ("USPS") carrier, Ms. Climatine Stacks.[1] Plaintiff R. Anthony Hutchinson alleges that he sustained neck injuries as a result of the wreck. He was medically examined on the day of the wreck and went back to the hospital on November 20, 2009 with complaints of neck pain. A CT scan conducted on November 20 showed no signs of fracture or dislocation.

---

[1] Ms. Stacks was originally named as a defendant, but was dismissed by the Court in December 2011. *See* Doc. 7.

On March 11, 2010, Plaintiff filed an administrative claim with USPS seeking $150,000.00 for injuries sustained in the wreck. In October 2010, Plaintiff was seen by Dr. Edward Mark, a neurosurgeon practicing in Valdosta, Georgia. Dr. Mark concluded after examining Plaintiff that he appeared to have some type of cervical myelopathy. Plaintiff was prescribed muscle relaxers and pain medication to ease the physical discomfort he was experiencing. On September 29, 2011, this lawsuit was initiated under the Federal Tort Claims Act ("FTCA"). The USPS officially denied Plaintiff's administrative claim on October 6, 2011. On March 15, 2012, Plaintiff revisited Dr. Mark. Dr. Mark performed an MRI on Plaintiff, which revealed disc herniations that would require surgery.

The issue in this case is whether Plaintiff is limited to the $150,000.00 amount that he initially sought in his administrative claim. Under the FTCA, a plaintiff can seek redress against the United States for wrongs allegedly committed against the individual. 28 U.S.C. § 1346(b)(1). However, to seek damages under the FTCA, a plaintiff must first file an administrative claim, known as an SF-95, and exhaust all administrative remedies. *See* <u>Turner ex rel. Turner v. United States</u>, 514 F.3d 1194, 1200 (11th Cir. 2008) (determining that a court does not have jurisdiction over an FTCA claim unless "the claimant first files an administrative claim with the appropriate agency"). Once administrative remedies are exhausted, a plaintiff is free to seek relief in the district court.

In federal court, a FTCA action is typically limited to the sum of money sought in the administrative claim. The United States Code provides that

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). Thus, to increase the amount of money sought in a claim, a plaintiff must show that the reason for the increased award is either (a) based on newly discovered evidence, or (b) based upon allegation and proof of intervening facts.

In this case, Plaintiff argues that his damages should be raised past the $150,000.00 amount that he initially sought in administrative claim based on the exception for newly discovered evidence. Plaintiff contends that the extent of his injuries was not fully discovered until March 2012, when Dr. Mark conducted an MRI and determined that Plaintiff's neck injuries required surgery. Defendant, on the other hand, argues that the amount of the claim should be limited to $150,000.00 because Plaintiff's condition reflected in the 2012 MRI was not a new or different condition to Dr. Mark than the condition he observed in 2010.

The Eleventh Circuit has recognized that a "change of expectation" is sufficient to fulfill § 2675(b)'s requirement of showing newly discovered evidence. In <u>Fraysier v. United States</u>, 766 F.2d 478 (11th Cir. 1985), the Eleventh Circuit allowed a plaintiff to expand the monetary claim in his FTCA case because it was unknown at the time he filed his claim that the physical effects he was suffering were permanent. The court reasoned that the permanency of the injuries, which

was not expected when the injuries were first sustained, warranted an increased amount of damages. Id. at 480. Likewise, in United States v. Alexander, 238 F.2d 314 (11th Cir. 1956), the Eleventh Circuit allowed an increase in damages based on a change of expectation. There, the plaintiff discovered an injury to his arm would not improve without surgery, while at the time he filed his administrative claim, he anticipated it would heal without surgical intervention. Id. at 318.

Based on this case law, the Court finds that the discovery of the need for surgery does constitute "newly discovered evidence" within the meaning of § 2675. While Defendant argues that the 2010 examination conducted by Dr. Mark was essentially the same as the 2012 diagnosis, this Court disagrees. The 2012 diagnosis mentioned surgical intervention for the first time. An injury requiring surgery is undoubtedly more severe than an injury that does not require surgery. Defendant tries to argue that Plaintiff could have discovered more about his condition if a more thorough examination had been undertaken. The Court finds this argument unconvincing, as it is not Plaintiff's responsibility to request medical tests or examinations. Plaintiff consulted Dr. Mark, a medical expert, and relied on his diagnosis. The Court finds nothing unreasonable about Plaintiff's reliance.

In an attempt to argue that limitation of damages is appropriate, Defendant claims that Plaintiff has been at work in the forest industry since the accident in 2009, and therefore, the Court should limit his damages because any exacerbation of his condition could be due to his physical activity at work. This

4

argument has no merit. The effect of Plaintiff's continued work has little to do with a limitation on damages. Instead, Plaintiff's work and the effect of his physical exertion in the time since his accident goes to the credibility of Plaintiff and the causation of his injuries. This element is one that should be addressed at trial, not in a Motion to Limit Damages.

For the reasons stated above, the Motion in Limine is denied. Plaintiff will be allowed to raise his demand for damages past the $150,000.00 limit that he claimed in his SF-95.

**SO ORDERED,** this 11th day of March, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr