# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

R. ANTHONY HUTCHINSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action 7:11-CV-131 (HL)

## ORDER

Robert Anthony Hutchinson sued the United States of America under the Federal Tort Claims Act ("FTCA"). A bench trial was held in Valdosta, Georgia on Tuesday, April 2, 2013. Below are the findings of fact and conclusions of law made by the Court based on the evidence presented at trial.

### I. FINDINGS OF FACT

On November 12, 2009, Plaintiff Hutchinson and Ms. Climatine Stacks, a rural carrier for the United States Post Office, were involved in a collision at the intersection of Georgia Highway 122 and Georgia Highway 125, just south of Ray City, Georgia. At this intersection, Highway 122 is controlled by a stop sign. Traffic on Highway 125 is not required to stop, but there is a flashing yellow caution light at the intersection.[1] The parties agree that neither the weather nor

---

[1] Under the Official Code of Georgia, vehicles approaching or entering an intersection are required to "exhibit caution while passing through a flashing yellow indication." O.C.G.A. § 40-6-70(a).

the light on the afternoon of November 12 were contributing factors to the accident.

Hutchinson was driving an eighteen-wheel tractor-trailer truck south on Highway 125 to drop off a load of timber at a pulp mill. The truck, which carried a normal load of logs, weighed approximately 80,000 pounds. Hutchinson was driving fifty-five miles per hour in accordance with the speed limit. He had the truck set on cruise control at this speed.

Stacks was driving on Highway 122 in a Buick sedan. She was driving east from the post office in Hahira, Georgia to the post office in Lakeland, Georgia. She was acting within the scope of her employment as a postal carrier when the accident occurred. Stacks approached the stop sign at the intersection of Highways 122 and 125, and she came to a complete stop at the sign. Stacks then pulled out into the intersection in front of Hutchinson.

Hutchinson testified that by the time he saw Stacks, he was no more than twenty-five feet away from her car.[2] He realized that a collision was inevitable, and he had time only to turn off the cruise control, pull the engine brake, and veer the truck to the left in an attempt to avoid hitting Stacks' car directly on the

---

[2] The Court accepts the testimony of Hutchinson. However, Hutchinson was not the most articulate witness and had some trouble explaining exactly what happened in the accident. The Court acknowledges that Hutchinson's estimation of twenty-five feet may not be completely accurate. A vehicle traveling fifty-five miles per hour covers 80.6 feet per second. Based on this calculation, Hutchinson's truck would have traveled twenty-five feet in approximately one-third of a second, leaving Hutchinson practically no opportunity to take action to avoid a collision. Thus, the Court concludes that the distance from which Hutchinson observed Stacks could have been anywhere up to 200 feet.

driver's side door. The two vehicles collided, sending Stacks into a ditch on the side of the road and overturning the log truck that Hutchinson was driving. State Trooper Jeremy Kinsey arrived on the scene approximately ten minutes after the accident. He issued a citation to Stacks for failure to yield.

Both parties were sent to the hospital and were found to have suffered injuries as a result of the accident. Stacks suffered a broken collarbone. Hutchinson was cut on the back of the head and complained of pain in his neck, shoulders, and back.

On November 20, 2009, eight days after the wreck, Hutchinson returned to Tift General Hospital complaining of pain in his neck and back. A CT scan was performed and the results came back normal. Hutchinson was prescribed muscle relaxers and sent home.

On October 18, 2010, almost a year after the wreck, Hutchinson went to visit neurosurgeon Dr. Edward Mark. Dr. Mark prescribed muscle relaxers and pain medication for the discomfort Hutchinson was still experiencing in his neck and shoulders. On March 3, 2013, Hutchinson returned to Dr. Mark and an MRI was performed. The MRI established that Hutchinson suffered from disc herniations at the C4-5 and C5-6 levels of the neck. Dr. Mark informed Hutchinson that surgical intervention would be necessary.

All medical witnesses agree that Hutchinson suffers from the disc herniation and that remedial surgery is necessary. Hutchinson has not yet had the recommended surgery. The cost for the surgery recommended for

Hutchinson is approximately $80,000.00. Hutchinson's past medical bills total $8,415.78.

II. **CONCLUSIONS OF LAW**

The Court finds as a matter of law that Stacks' failure to yield was ultimately the cause of the accident. Hutchinson was not breaking any laws at the time of the accident, and the record reflects that he did all he could do diminish any potential harm from the collision. Thus, the Court finds that Hutchinson bears no responsibility for the accident and he should not be found negligent.[3]

Further, the Court finds that Hutchinson's injuries were caused by the November 2009 accident. There has been testimony regarding other incidents prior to the wreck which could have caused the injuries from which Hutchinson suffers. However, the Court finds by a preponderance of the evidence that the rollover accident in 2009, not these other incidents, is the cause of the disc herniations from which Hutchinson now suffers.

The Court has concluded that the collision between the vehicles driven by Stacks and Hutchinson can be attributed fully to the negligence of Stacks. The Court has also concluded that Hutchinson's injuries can be traced back to this collision. Thus, the only issue remaining for the Court to resolve is the amount of

---

[3] The Court is troubled by the fact that Hutchinson approached an intersection controlled by a flashing yellow caution light driving a forty-ton vehicle at fifty-five miles per hour on cruise control. This means that the truck did not slow down until its proximity to Stacks's vehicle was such that Hutchinson could do nothing to avoid the collision. However, the Court finds that Hutchinson's driving did not violate any traffic laws and he cannot be found legally negligent for his behavior.

recovery due to Hutchinson. As to this question, the Court finds that the appropriate award is $250,000.00.

III. **ATTORNEYS' FEES**

The FTCA provides that "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b)…." 28 U.S.C. § 2678. The amount of attorneys' fees awarded under the FTCA is deducted from the total judgment awarded. Douglas v. United States, 2011 WL 4809224 at *2 (M.D. Fla. Oct. 11, 2011) (finding that the language of § 2678 suggests that "Congress intended that plaintiffs pay attorneys from their judgments").

In this case, the Court finds that the full twenty-five percent shall be awarded to Hutchinson's counsel. Thus, Hutchinson's counsel shall receive a total of $62,500.00, or twenty-five percent of the $250,000.00 judgment.

**SO ORDERED**, this 8th day of April, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr

5